IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2018

### STATE OF TENNESSEE v. TERRY SANDERS

**Appeal from the Circuit Court for Houston County**
No. 5130    Larry J. Wallace, Judge

_____

### No. M2017-00905-CCA-R3-CD

_____

Terry Sanders, the Movant, filed a "Motion to Correct Illegal Sentence" pursuant Rule 36.1 of the Tennessee Rules of Criminal Procedure claiming that his sentence was illegal because the State failed to comply with the ten-day notice requirement of intent to seek enhanced punishment, the State intentionally filed an improper notice to interfere with the Movant's due process rights, and the trial court erred in calculating his prior felony convictions and sentencing him as a career offender. The trial court found that the Movant failed to state a colorable claim and summarily dismissed the motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Terry Sanders, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn Funk, District Attorney General; and Craig S. Monsue, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

In case 5130, the Movant was convicted by a jury of two counts of the sale of less than 0.5 grams of cocaine, a Class C felony, in violation of Tennessee Code Annotated

section 39-17-417 and was sentenced, as a career offender,[1] to fifteen years for each count, to be run consecutively with each other and consecutively to violations of community corrections in cases 4456, 4457, 4458, 4527, 4528, and 4693. On direct appeal, this court affirmed the convictions. *State v. Terry Sanders*, No. M2011-00426-CCA-R3-CD, 2012 WL 5948885, at *1 (Tenn. Crim. App. Nov. 15, 2012), *perm. app. denied* (Tenn. Mar. 5, 2013). The Defendant did not challenge his sentence on direct appeal.

The Movant then filed a petition for post-conviction relief alleging that he received the ineffective assistance of counsel and various procedural errors at trial. After appointment of counsel an amended petition was filed. One of the grounds raised in the amended petition was that "[the Movant] was sentenced to an enhanced range, which was founded upon constitutionally infirm convictions, prior presentence reports and judgments." Following a hearing, the post-conviction court entered a thirty-four page memorandum opinion addressing every issue raised in the pro se petition and amended petition. As to the issue regarding sentencing, the post-conviction court stated:

> [The Movant] has not specified why his '"convictions, prior presentence reports and judgments" were "constitutionally infirm". This Court can only speculate that he refers to the fact that the trial judge was also the trial judge on some of [the Movant's] previous convictions and that the said trial judge was the prosecuting attorney on others. As has been ruled upon hereinabove, these facts do not disqualify the trial judge from presiding in [the Movant's] present cases. Likewise, it does not prevent the trial judge from considering these prior convictions in sentencing [the Movant].
>
> The issue is without merit.

The post-conviction court denied relief and the Movant timely appealed. This court affirmed the judgment of the post-conviction court on appeal. *Terry D. Sanders v. State*, No. M2014-00236-CCA-R3-PC, 2014 WL 5502380, at *1 (Tenn. Crim. App. Oct. 31, 2014), *perm. app. denied* (Tenn. Feb. 12, 2015).

On May 19, 2016, the Movant filed a motion to reopen his post-conviction petition and on June 28, 2016, the Movant filed a petition for a writ of error coram nobis. The motion to reopen and the petition for writ of error coram nobis were denied without

---

[1] The opinion in the direct appeal stated that the Movant was sentenced as a Range III, persistent offender. The judgments of conviction and the sentencing findings of fact show that he was sentenced as a career offender.

hearing by orders entered on September 30, 2016. The Movant did not raise issues concerning sentencing in either pleading.

On January 30, 2017, the Movant filed a "Motion to Correct Illegal Sentence" pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The Movant claimed that his sentence was illegal because the State failed to comply with the ten-day notice requirement of intent to seek enhanced punishment ("the notice"), that the State intentionally filed an improper notice to interfere with the Movant's due process rights, and that the trial court erred in calculating his prior felony convictions and sentencing him as a career offender. On April 17, 2017, the trial court entered an order finding that the Movant failed to state a colorable claim because the Movant's "sentences . . . were all within-range, legally imposed[,] and facially valid and thus do not meet the threshold definition of an illegal sentence" and summarily dismissing the motion. The Movant timely filed a notice of appeal.

**Analysis**

Tennessee Rule of Criminal Procedure 36.1 allows either the defendant or the State to file a motion to correct an illegal sentence at any time. Tenn. R. Crim. P. 36.1(a)(1). "For purposes of [Rule 36.1], an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). The trial court can summarily dismiss the motion if the court determines that the motion failed to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). For Rule 36.1 purposes, "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [movant], would entitle [movant] to relief . . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tennessee Supreme Court Rule 28, § 2(H)) (internal quotation marks and citation omitted). Whether a Rule 36.1 motion states a colorable claim is a question of law which we review de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015)

"Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors." *Id.* at 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 449-52 (Tenn. 2011)). Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document." *Id.* (quoting *Cantrell*, 346 S.W.3d at 452). An appealable error is one for which the Sentencing Act specifically provides a right of direct appeal. *Id.* (citing *Cantrell*, 346 S.W.3d at 449). "Claims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* (citing *Cantrell*, 346 S.W.3d at 452). Fatal errors are errors that are "so profound as to render the sentence illegal and void." *Id.* (quoting *Cantrell*, 346 S.W.3d at 452) (internal quotation marks omitted). Fatal errors consists of any sentence "that is not

authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see also Cantrell*, 346 S.W.3d at 452. Rule 36.1 is not a "procedural mechanism" for relief from clerical errors or appealable errors. *Wooden*, 478 S.W. 3d at 595. Rule 36.1 is a procedure to correct fatal errors, because only fatal errors render sentences illegal. *Id.*

It is an offense to sell a controlled substance. Tenn. Code Ann. § 39-17-417. If the controlled substance sold is cocaine and the amount sold is less than 0.5 grams, then the offense is a Class C felony. Tenn. Code Ann. § 39-17-417(c)(2)(A). The sentencing range for a Class C felony is not less than three years or more than fifteen years. Tenn. Code Ann. § 40-35-111(b)(3). The sentence for a career offender convicted of a Class C felony is fifteen years with sixty percent release eligibility. *See* Tenn. Code Ann. § 40-35-112(c)(3) (a Range III sentence for a Class C felony is ten to fifteen years); Tenn. Code Ann. § 40-35-108(c) ("A defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III."); Tenn. Code Ann. § 40-35-501(f) (career offenders are eligible for release after service of sixty percent of their sentence less credits earned). The Movant was sentenced to fifteen years as a career offender on each of the two Class C felonies. The sentences imposed by the trial court were authorized by the applicable statutes and did not directly contravene an applicable statute. Tenn. R. Crim. P. 36.1(a)(2).

Taking the allegations of the Rule 36.1 motion in this case as true and viewing them in the light most favorable to the Movant, we conclude that the Movant only alleged an appealable error. The Movant had the right to appeal "the length, range or the manner of service of the sentence imposed by the sentencing court" and "the imposition of consecutive sentences[,]" Tenn. Code Ann. § 40-35-401(a), but failed to do so.

## Conclusion

The Movant failed to state a colorable claim for correction of an illegal sentence. The judgment of the trial court summarily dismissing the motion is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 4 -